THE STATE OF IOWA, Appellee, v. B. F. MILLER, Appellant.

**Physicians:** CERTIFICATE TO PRACTICE: EVIDENCE. Where the evidence
1 was conclusive that defendant had published an advertisement offering to treat and cure certain diseases, and he also testified concerning his practice and professions, there was no prejudice in admitting evidence of other publications of the same advertisement.

**Same:** WHO MAY PRACTICE WITHOUT CERTIFICATE. The provision of
2 Code, section 2579, exempting those physicians from the necessity

of procuring a certificate from the board of medical examiners, who have been practicing in this State for five consecutive years, applies to such as were then and for five years immediately prior to the enactment of the law had been practicing within the State; it has no application to those who may in previous years have been resident practitioners but at the time of its enactment were nonresidents.

**Same.** Practice for five years in this State subsequent to the enactment of the statute is not a defense to the prosecution for practicing without a certificate.

*Appeal from Blackhawk District Court.*—HON. F. C. PLATT, Judge.

THURSDAY, MARCH 19, 1908.

INDICTMENT charging defendant with the offense of practicing medicine without first obtaining a certificate therefor from the State Board of Medical Examiners. There was a verdict of guilty, and from the judgment entered thereon defendant appeals.—*Affirmed.*

*Reed & Tuthill,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

WEAVER, J.— The evidence discloses without dispute that appellant, a resident of Waterloo, Iowa, published an advertisement in a newspaper of that city offering to treat

1. PHYSICIANS: certificate to practice: evidence.

the sick and afflicted without drugs and without surgery, and asserting his ability to cure the ills to which human flesh is heir, including an alphabetical list of thirty-three forms of disease, beginning with appendicitis, and ending with throat trouble. As a witness in his own behalf, he conceded that within the time covered by the indictment he did practice magnetic healing and did profess to heal and cure the sick in and about

Waterloo. He also put upon the witness stand persons who testified to treatment administered by him for the relief of pain and sickness, and offered to show by them the method and manner of the treatment and the beneficial results thereof. Exception was taken to proof offered by the State purporting to show that accused had published the same advertisement above referred to in another newspaper of said city, and there is room to doubt whether the showing made was sufficient to justify its admission, but, in view of the undisputed evidence of other publications and his voluntary concessions concerning his practice and profession, the error, if any, was without prejudice.

The point most strongly urged by counsel, and the only debatable one presented by the record, was whether appellant was entitled to practice his profession without a certificate from the board of medical examiners under that provision of Code, section 2579, which exempts from a compliance with the requirements of said statute all physicians " who have been practicing in this State for five consecutive years, three years of which time shall have been in one locality." This statute appears to have been first enacted in the year 1886, and was re-enacted in substantially the same form in the Code of 1897. Appellant sought to bring himself within the terms of this exemption by offering to prove that he had practiced medicine, and publicly professed to cure and heal, and that he did in fact cure and heal, the sick within this State for a period of five consecutive years, three of which was in one place. Upon objection by the State this evidence was excluded, and error is assigned thereon. The record made in this respect is substantially as follows: As a witness appellant stated that his early life was spent in this State; that he had practiced magnetic healing since he was ten years old; that for about sixteen or seventeen years prior to the year 1899 he had lived in South Dakota, where he conducted a farm; that since that date he had lived six years in Iowa,

2. SAME: who may practice without a certificate.

the last four years of which had been in Waterloo; and that during all or most of this period he had been practicing the healing art.

We have first to inquire whether there was error in excluding proof of appellant's practice in this State for five years or more prior to his removal to Dakota about the year 1882. In our judgment there was none. The exception made in the statute was very clearly intended for the protection of such citizens of the State as were then, and for five years prior to the enactment of the law had been, practicing medicine within this jurisdiction. At that date the defendant was, and for four years had been, a resident of South Dakota, and the fact that he had at an earlier time practiced medicine in this State for five years does not give him any advantage, under the provisions of the act, over a nonresident practitioner who never resided here. Had he been a resident here in 1886 so as to have qualified under the exception of the statute, a subsequent absence from the State might not disqualify him to resume the practice upon his return; but that question is not before us. It is enough that when the statute went into effect he was a nonresident and confessedly had not been in practice in this State for at least four years. The status of all of those entitled to practice without examination or certificate was fixed as of that date. In short, we think that, when fairly construed, the words " who have been in practice in this State for five consecutive years " must be held to have reference to those resident physicians who had been in the practice for five years immediately prior to the date of the enactment. Such is the obvious import of the language employed.

The case suggested by counsel of a lawyer admitted to practice who removes from the State for a period of years and then returns is not analogous to that of the appellant. The lawyer in such case has proved his qualification and been regularly admitted to practice by the authority of the State. The appellant does not claim to have ever been admitted to

practice medicine. At and prior to the time of his removal to Dakota, this State had not undertaken to regulate or restrict the practice of medicine to persons of certain proved qualifications. Any person claiming the qualifications could lawfully hold himself out to the world as a healer of diseases, and the fact that appellant had pursued such practice before leaving the State had no effect to clothe him with a vested right to return after an absence of seventeen years and resume the practice without compliance with the requirements of the law which had been enacted during such absence. It is unnecessary to further pursue the discussion. The central question is one of statutory construction, and in our judgment the one which we have announced gives effect to the legislative intent as expressed in the act under consideration.

Lastly, it is hardly necessary to say that proof that appellant had been engaged in the practice for five years immediately prior to his indictment could not avail to acquit him of the offense charged. Even if that fact 3. SAME. be established, the law prohibiting such practice had been in force for a still longer period, and it will not do to say that the successful avoidance of prosecution for any length of time will operate to give the offender a vested right to continue his defiance of the law indefinitely.

We find no error in the record, and the judgment of the trial court is *affirmed.*