STATE OF IOWA v. W. L. TAYLOR, Appellant.

**Physicians:** ILLEGAL PRACTICE: STATUTORY PROVISIONS. A physician, not a graduate, who failed to furnish the State Board of Medical Examiners with satisfactory evidence by affidavits that he had been in the continuous practice in this State for five years, as required by the Act of the 21st General Assembly, was practicing illegally, and the Code of 1897, by omitting the provision requiring satisfactory evidence of practice, did not authorize him thereafter to continue the practice without a certificate.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 17, 1908.

THE defendant was found guilty of practicing medicine without a license, and, from a judgment imposing a fine of $500, he appeals. *Affirmed.*

*Parsons & Parsons,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

SHERWIN, J.—The defendant commenced the practice of medicine in 1884, and continued in the practice thereof

without a license until indicted in this case. The sole question presented for our determination is whether he had a legal right to so practice without a license at the time of his indictment.

He claims that, having practiced in the State for five consecutive years, three years of which time was in one locality, he is within the exception of section 2579 of the Code, which provides that the provisions of the chapter shall not be construed to prohibit practice by physicians, as defined therein, "who have been in practice in this State for five consecutive years, three years of which time shall have been in one locality." The first act regulating the practice of medicine in this State was passed by the Twenty-First General Assembly (1886), as chapter 104, Acts 1886, and the law as then enacted is substantially the law now as found in sections 2576-2583, of the Code. In the original act an exception was made as follows: "If not a graduate, the person practicing medicine or surgery within this State, unless he or she shall have been in continuous practice in this State for a period of not less than five years, of which he or she shall present to the State Board of Examiners satisfactory evidence in the form of affidavits, shall appear before the State Board of Examiners and submit to such examination as said board may require." Section 1. In Code, section 2579, the requirement of satisfactory evidence of practice was omitted, and the appellant claims that because of such change the Legislature intended to say, and did say, that whoever had been in the practice of medicine in this State, whether rightfully or wrongfully, for a period of five years before that time, had the right to go ahead and practice without a certificate or license. The contention is manifestly unsound.

The original act was in force all of the time until the Code became the law, and the dropping therefrom the requirement of evidence cannot be construed into a

legalizing act intended to shield one who had confessedly violated the law. Section 9 of the Act of 1886 made it a misdemeanor for any person to practice without having complied with the provisions of the act, but that no penalties for a violation thereof should be enforced prior to the 1st of January, 1887. It is very clear that after January 1, 1887, no one could legally practice medicine without complying with the act, or without bringing himself within the exceptions therein provided, and this the defendant did not do. He had never qualified under the exception of the statute, but was daily violating the law, and, if his contention that the change referred to gave him the right to continue practice without a certificate or license be sustained, we should have to hold that he had acquired such right by practice in violation of law. Such a holding would not only destroy the public protection intended by the statute, but it would offer a direct premium for a practice wholly in violation of such statute. The Legislature had no such intention, and the defendant is clearly not within any exception to the statute. When the Code was enacted, the Legislature was very careful to say in express terms that the repeal of existing statutes should not affect "any act done" when such repeal took effect, and to otherwise provide that a violator of the law should not escape the just consequences of his act. Section 51, chapter 4, title 1, Code. And we think it clear that the exception in section 2579 was not intended to embrace and shield violators of the law; men whose only claim thereunder is based on illegal acts continued for the statutory term. See State v. Miller, 138 Iowa, 28.

The judgment of the trial court is affirmed.